HON. DIANA W. RIVET County Attorney, Rockland County
We acknowledge receipt of Assistant County Attorney William P. Warren's letter inquiring whether Rockland County is prevented from "restructuring" its county government by Municipal Home Rule Law § 10, subdivision 1, paragraph a, subparagraph 13, clause f.
It appears that in 1969 Rockland County was required by Court order to reapportion. The county was not at that time a charter county. The board of supervisors passed a resolution (not a local law) adopting a reapportionment plan which received Court approval and judgment was entered directing that county legislators be elected under that plan at the general election in 1969 to take office in January, 1970.
The prohibition contained in Municipal Home Rule Law § 10, subdivision 1, paragraph a, subparagraph 13, clause f, is that a local government may not "restructure" its local legislative body more than once in each decade commencing with the year 1970.
In our opinion, the County of Rockland went through the "restructuring" process in the year 1969 even though the people elected to office under that plan did not take office until January of 1970. The prohibition against a subsequent "restructuring" in a decade does not apply to Rockland County's form of government as adopted in 1969, for two reasons: First, because the change was made by simple resolution as a result of a Court order and implemented by a judgment of the Court, and second, it was done before the year 1970.
We enclose for your information a copy of an informal opinion of the Attorney General dated March 11, 1975, addressed to Philip G. Rosenberg, Columbia County Attorney, concerning the same provision of the Municipal Home Rule Law.